**UNITED STEELWORKERS OF AMERICA, AFL–CIO,**
Plaintiff

v.

**MANNASSAH BUS LINES, INC., Defendant**

Civil No. 83-114

District Court of the Virgin Islands

Div. of St. Thomas and St. John

January 13, 1984

JOHN R. COON, ESQ., JOHN K. DEMA, P.C., Christiansted, St. Croix, V.I., *for plaintiff*

ROBERT H. STROPP, JR., ESQ., PATRICK K. NAKAMURA, ESQ., of Counsel (COOPER, MITCH & CRAWFORD), Birmingham, Alabama, U.S.A., *for plaintiff*

RONALD T. MITCHELL, ESQ. (PALLME & MITCHELL), St. Thomas, V.I., *for defendant*

CHRISTIAN, *Chief Judge*

## MEMORANDUM AND ORDER

This action for an accounting of funds allegedly due plaintiff labor union but improperly withheld by defendant employer, for specific performance of a collective bargaining agreement between the parties, and for a permanent injunction against future breach of certain provisions of the collective bargaining agreement, is presently before the Court on motion of defendant employer for dismissal of the action for lack of subject matter jurisdiction and failure of the complaint to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(1) and (6).

In essence, defendant argues that the grievance—arbitration procedure established by the collective bargaining agreement applies to any and all questions of application of, or compliance with, the agreement and that consequently this action must be dismissed and an order of arbitration entered. Plaintiff counters that under the collective bargain agreement only individual employees can file grievances and have those grievances advanced to arbitration, that neither the union nor the employer may invoke these procedures, and that as the alleged breaches of the collective bargaining agreement can only be remedied by union action, arbitration is unavailable and thus this action may be maintained.

The legal principles that guide our decision are simple and well established. We begin with the axiom that there is no general

481

duty to submit labor disputes to arbitration. As the Supreme Court has observed, "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed to submit." United Steelworkers of America v. Warrior & Gulf Navigation Co., 363 U.S. 574, 582 (1960). See also Nolde Brother, Inc. v. Bakery Workers, 430 U.S. 243, 250–51 (1977). Thus, "whether or not a party is bound to arbitrate a given issue is a matter to be determined 'on the basis of the contract entered into by the parties.'" Rochdale Village, Inc. v. Public Service Employees, etc., 605 F.2d 1290, 1294 (2d Cir. 1979) (quoting Atkinson v. Sinclair Refining Co., 370 U.S. 238, 241 (1962)).

To this we add, however, the congressional policy favoring arbitration of labor disputes:

> Final adjustment by a method agreed upon by the parties is hereby declared to be the desirable method for settlement of grievance disputes arising over the application or interpretation of an existing collective-bargaining agreement.

29 U.S.C. § 173(d).

■ To effectuate this congressional policy, the Supreme Court has established "a strong presumption favoring arbitrability," Nolde Brothers, 430 U.S. at 254:

> [T]o be consistent with congressional policy in favor of settlement of disputes by the parties through the machinery of arbitration . . . [a]n order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage.

Warrior & Gulf Navigation, 363 U.S. at 582–83.

■ Neither of these fundamental principles is predominant; neither obviates the need for adherence to the other. Thus, while the courts are bound to honor the congressional policy designating arbitration the preferred mode of resolution of labor disputes, "[t]here is no occasion to resort to this congressional policy in a case where the contract, fairly read as a whole, is not susceptible of a construction that the parties bound themselves to arbitrate the dispute before the Court." Affiliated Food Distributors, Inc. v. Local Union No. 229, 483 F.2d 418, 420 (3d Cir. 1973).

After careful examination of the collective bargaining agreement between plaintiff United Steelworkers of America, AFL–CIO and

defendant Mannassah Bus Lines, Inc., we cannot say with positive assurance that the arbitration clause thereof is not susceptible of an interpretation that covers the dispute plaintiff would have us adjudicate. Accordingly, defendant's motion to dismiss will be granted and an order of arbitration entered.

Article XV, Section 1 of the collective bargaining agreement provides, in pertinent part, that "any and all disputes arising out of or under this Agreement, its interpretation, compliance or applicability shall be submitted to arbitration as either party may elect." The complaint herein plainly raises questions of the interpretation of, and employer compliance with, the collective bargaining agreement. The issues plaintiff would have us adjudicate unquestionably arise "out of or under" the collective bargaining agreement. The agreement provides in no uncertain terms that "either party" thereto may elect arbitration. The parties to the agreement are plaintiff union and defendant employer. Thus, by the terms of the agreement, both the union and the employer are empowered to submit this dispute to arbitration. Indeed, the agreement is unequivocal in its declaration that where such a dispute exists it "shall be submitted to arbitration."

Plaintiff contends, however, that (1) the grievance procedure set out in Article XIV of the agreement does not contemplate initiation of a grievance by the union, but only by an individual employee, (2) that this limitation is incorporated into the arbitration provision of Article XV through Section 2 thereof, which ties timing of selection of an arbitrator to receipt of the employer's answer to step three of the grievance procedure, and (3) that the resultant inability of plaintiff union to demand arbitration renders this action cognizable. We do not agree.

■ We simply cannot conclude "with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." Warrior & Gulf Navigation, 363 U.S. at 583. The single reference in Section 2 of Article XV to the grievance procedure outlined in Article XIV is not sufficient to negate the plain meaning of Section 1 of Article XV, even if we adopt plaintiff's restricted construction of the grievance provision.[1] Even if the collective bargaining agreement could rationally be construed as limiting arbitration to employee-initiated grievances, the plain meaning of the arbitration provision precludes the conclusion that

---

[1] We do not face, and need not decide, this question.

this is the only fair reading of the agreement. Since the agreement is susceptible of a construction that dictates arbitration, the congressional policy favoring that form of dispute resolution requires the denial of judicial relief. Affiliated Food Distributors, 483 F.2d at 420.

## ORDER

The premises considered and the Court being fully advised,

IT IS ORDERED that the motion of defendant Mannassah Bus Lines, Inc., for dismissal of this action for lack of subject-matter jurisdiction be, and the same is, hereby GRANTED, and

IT IS FURTHER ORDERED that the disputes over which this action was commenced shall be submitted to immediate arbitration pursuant to Article XV of the collective bargaining agreement between the parties, and the parties shall have 15 days from entry of this order to submit the 3 names of proposed arbitrators each is required to submit under Article XV, Section 2 of the agreement.